IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:97CR00032 |
| v. | ) | **OPINION** |
| | ) | |
| **TONY SYLVESTER HARRIS,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Tony Sylvester Harris, Pro Se Defendant.*

Tony Sylvester Harris, a federal inmate proceeding pro se, has filed a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West Supp. 2013), alleging that the judgment is void for lack of jurisdiction because no criminal complaints were taken out against him before he was indicted. For the reasons stated, I must deny Harris's § 2255 motion without prejudice as successive.

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). Court records indicate that Harris previously filed a § 2255 motion concerning this same conviction and sentence. *Harris v. United States*, Case Nos. Civ.A. 7:05-CV-00454, CRIM. 1:97-CR-00032, 2005 WL 2233546 (W.D. Va. Sept. 13, 2005)

(dismissing § 2255 motion as untimely filed), *appeal dismissed*, 169 F. App'x 801 (4th Cir. 2006) (unpublished). Therefore, his current § 2255 motion is a second and successive one, barred under § 2255(h) absent appropriate certification from the court of appeals allowing him to file a second or successive § 2255 motion.[1] Because Harris offers no indication that he has obtained this required certification, I must dismiss Harris's current action without prejudice.

A separate Final Order will be entered herewith.

DATED: April 30, 2013

/s/ James P. Jones
United States District Judge

---

[1] Harris argues that his current motion is not a second or successive § 2255 action, because the court failed to advise him that it was recharacterizing his submission in 2005 as his initial § 2255 motion. *See Castro v. United States*, 540 U.S. 375, 384 (2003) (holding that if district court fails to notify defendant when recharacterizing pro se motion as defendant's first § 2255 motion, subsequent § 2255 cannot be dismissed as successive). I find no merit to this argument. The record in Harris's prior § 2255 motion, Case No. 7:05CV00454, reflects that Harris styled his initial submissions as a § 2255 motion. Additionally, before dismissing the action as an untimely § 2255 motion, the court entered an order notifying Harris that his § 2255 motion appeared to be untimely filed and granting him an opportunity to provide additional information on the timeliness of his motion, which he did. Thus, Harris's prior motion was not "recharacterized" as a § 2255 motion, as contemplated in *Castro*, and in any event, the court notified him that his § 2255 motion would be addressed as such, in compliance with *Castro*.